IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IOWA TANKLINES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MARION ENERGY, INC.,<br><br>Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:09 CV 319 (TC) |

Sister companies RN Industries and RN Industries Trucking ask the court to intervene as a matter of right in this case pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. Plaintiff Iowa Tanklines opposes only the intervention of RN Industries; Defendant Marion Energy does not oppose the intervention of either party. Considering the lack of opposition regarding RN Industries Trucking and the liberal line followed in this jurisdiction for allowing intervention as of right, the court allows both parties to intervene.

## BACKGROUND

Plaintiff Iowa Tanklines filed suit against Defendant Marion Energy in April 2009. In summary, Iowa Tanklines claims that it removed production water from Marion Energy's natural gas wells located in Utah's Emery County and Carbon County and transported it to a separate treatment facility. Marion Energy allegedly failed to pay approximately $1.02 million for this work, which includes more than $744,000 related to the transport of the production water and approximately an additional $297,000 for other expenses.

1

Iowa Tanklines presents multiple claims in its Complaint against Marion Energy based on various theories of contract and quasi-contract. Iowa Tanklines also includes a claim for lien foreclosure. As Iowa Tanklines explains, Marion Energy allegedly owns a 100 percent working interest in the so-called Clear Creek Federal Unit, which represents the 17,090 acres of land in Carbon County and Emery County that contains natural gas wells and reservoirs. Because the removal of water from these wells was allegedly a necessary step to extracting the natural gas, Iowa Tanklines recorded a lien against Marion Energy's interest.

After this case had been pending for some six months, in September 2009, RN Industries and RNI Trucking filed motions to intervene. Each company filed a separate motion, separate memorandum in support, separate pieces of evidence, and separate proposed complaints. According to the proposed complaints, beginning in 2004, RN Industries and RN Industries Trucking allegedly agreed to haul and dispose production water and provide other oil field services in support of Marion Energy's Carbon County and Emery County drilling operations. (RN Industries and RN Industries Trucking claim to be sister affiliated companies and claim that they work out of the same office space using some of the same employees.) Marion Energy allegedly stopped paying for the provided services in 2008. According to RN Industries's proposed complaint, Marion Energy refuses to pay it any amount of the $344,173.50 balance due and owing. And RN Industries Trucking contends in its proposed complaint that Marion Energy refused to pay it any amount of the more than $1.328 million balance due and owing. Related to this alleged debt, RN Industries Trucking recorded a lien against Marion Energy's interest in the Carbon County and Emery County wells.

Based on these alleged facts, RN Industries Trucking argues that it should be allowed to intervene as a matter of right pursuant to Rule 24(a)(2) as it has an interest in this litigation as the

holder of a competing lien against Marion Energy.  RN Industries claims that it, too, should be allowed to intervene because it also has an interest in the lien and because Marion Energy has allegedly failed to pay it for more than $340,000 worth services provided involving the same wells in Carbon County and Emery County.  During the hearing on the motion to intervene, counsel for the companies further explained that because RN Industries and RN Industries Trucking have common ownership and operate out of the same facilities, the services provided were often interrelated.  For example, Marion Energy was apparently billed for services technically performed by RN Industries Trucking on RN Industries invoices.

Iowa Tanklines filed a memorandum in opposition to only RN Industries's motion to intervene.  According to Iowa Tanklines, RN Industries lacks a cognizable interest in the litigation and RN Industries Trucking, its sister company, should be able to protect any interests that it does have.[1]  Defendant Marion Energy does not oppose the intervention of either party.

## ANALYSIS

A party that has filed a timely motion to intervene per Rule 24(a)(2) may do so as of right when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  The U.S. Court of Appeals for the Tenth Circuit most recently provided guidance regarding the standards associated with Rule 24(a)(2) motions in Wildearth Guardians v. United States Forest Service, 573 F.3d 992, 995 (2009), and San Juan

---

[1] Initially Iowa Tanklines also argued that RN Industries lacked the ability to sue because it was not a licensed corporation.  Based on the submissions regarding the status of RN Industries, Iowa Tanklines appears to have withdrawn this argument.  The court does not consider it.

County v. United States, 503 F.3d 1193, 1199 (10th Cir. 2007) (en banc). Rule 24(a)(2) is "not a mechanical rule," but one that "requires courts to exercise judgment based on the specific circumstances of the case." Id. Significantly, the Tenth Circuit follows "a somewhat liberal line in allowing intervention" and has suggested that a court's "central concern" in considering a Rule 24(a)(2) motion should be "the practical effect of the litigation on the applicant for intervention." Wildearth Guardians, 573 F.3d at 995 (quotation omitted).

With the framework of Rule 24(a)(2) in mind, the court turns to the motions submitted by the parties here. As explained during the hearing, because none of the parties to the suit opposes the intervention of RN Industries Trucking, its motion to intervene is granted. And because there is no dispute that the motion submitted by RN Industries is timely,[2] the court will consider only whether the company has a sufficient interest and whether the existing parties to the litigation can adequately represents the company's interest.

**1.     Interest Related to the Litigation**

Iowa Tanklines argues that RN Industries lacks a sufficient interest in this litigation to be able to intervene as of right. Iowa Tanklines contends that RN Industries's only interest is a claim for damages, which is not the subject of the suit.

The party seeking to intervene has the burden of demonstrating that it has a sufficient interest in the litigation. See Wildearth Guardians, 573 F.3d at 995. In order to demonstrate a sufficient interest, a party must "show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." Id. "If an absentee would be

---

[2] For the first time during the hearing, Iowa Tanklines made a few comments suggesting that it thought the motions to intervene might not have been timely considering the stage of the litigation. Because these offhanded remarks were not developed arguments, the court does not consider their merits here.

substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." San Juan County, 503 F.3d at 1195 (quotation omitted). Rule 24(a)(2) "requires only that the application for intervention claim[] an interest relating to the property or transaction which is the subject of the action. Id. at 1201 (quotation omitted) (emphasis in original).

Here, the subject of the litigation is bigger than Iowa Tanklines suggests. This case involves Marion Energy's alleged failure to pay for services it received related to for the removal of production water from natural gas wells. As a related matter, the case also involves whether Iowa Tanklines may foreclose on its recorded lien of Marion Energy's interest in these wells. Consistent with Tenth Circuit's liberal view in allowing intervention, RN Industries can meet the minimal burden and demonstrate a sufficient interest in this case in order to intervene.

RN Industries asserts that Marion Energy failed to pay it for similar services performed involving these same wells in Emery County and Carbon County. If RN Industries is successful in its litigation, it would also have an interest in Marion Energy. Moreover, and perhaps most significantly, due to the nature of the relationship and operations between the sister companies, RN Industries has an interest in the lien recorded by RN Industries Trucking. "The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." Utahns for Better Transp. v. U.S. Dep't of Transp., 295 F.3d 1111, 1115 (10th Cir. 2002). The court concludes that RN Industries's claimed interest relates to the property that is the subject of the action.

**2.     Adequate Representation**

Iowa Tanklines next argues that RN Industries should not be allowed to intervene as of right because RN Industries Trucking, whose intervention is not opposed, can adequately

represent any interests.

The burden associated with this element is also "minimal" such that the "possibility of divergence of interest need not be great in order to satisfy the burden of applicants." Wildearth Guardians, 573 F.3d at 996. In order to satisfy this element, a party seeking to intervene must only demonstrate the "possibility of inadequate representation." Id. (emphasis in original).

RN Industries satisfies this minimal burden. Apparently due to the informal nature of their business operations, RN Industries and RN Industries Trucking claim that they were interrelated in the services that they provided to Marion Energy. For example, as previously explained, Marion Energy was charged for serviced allegedly provided by RN Industries Trucking on invoices from RN Industries. The presence of only RN Industries Trucking in this litigation has at least the possibility of resulting in inadequate representation as to the interests of both companies.

## CONCLUSION

For the reasons set forth, RN Industries's motion to intervene is GRANTED. (Docket No. 15.) Because there was no opposition, RN Industries Trucking's motion was also GRANTED. (Docket No. 16.)

SO ORDERED. DATED this 17th day of November 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge